*130
Curia, per

Dunkin, C.
In Seibles vs. Whatley, 2 Hill C. R. 607, the bequest was of “ Nance and her increase,” The Chancellor who heard the cause on the circuit says, “the words used do not limit the increase given with Nance to future increase. Increase, as a general term, will, I suppose, include past increase as well as future, and extend to all the children of the slave.” But in revising this opinion, the Court of Appeals differed with the Chancellor, and say that “when the term ‘increase of slaves is used, it is the common understanding of men, that it refers to increase thereafter to be produced, and that they could not in any way construe them to relate to children born before the making of the will.” It is not, perhaps, so important what the rule is, as that it should be fixed. Since the case of Seibles vs. Whatley, the term ‘ increase,’ when used in a will in reference to slaves, must, as a general rule, be construed to include after-born children only. It is supposed that the term 'all her increase,’ may make a difference. But supposing increase to have the established meaning of after-born children, all, is merely an expletive, and includes all her after-born children. Alexander Donald, the testator, died about 1803, and Robert Gray, the plaintiff’s intestate, in 1811. Much evidence was given as to Gray’s declarations, the condition of the parties, &c. But it is very questionable, whether such testimony is admissible under the circumstances of this case. In Wish vs. Kershaw, reported in a note to Shearman vs. Angel, 1 Bail. Eq. R. 352, a question arose as to the admissibility of parol evidence, to explain the meaning of the term grand-children. “ There may be a difference of opinion,” say the Court, “ as to the application of the rule on this subject; but there can be only one opinion as to the rule itself. It is very certain, that parol evidence is only admissible in such cases, to explain a latent ambiguity. If a testator devises his estate to a person or class of persons, by name or description, and it turns out that there is no one to whom the description properly applies, parol evidence may be admissible to shew to whom the testator intended it to be applied ; for there is a latent ambiguity, that is, an ambiguity ascertained by extrinsic proof, and which may, there *131 fore, be explained by proof of the same sort; and which, if not explained, would render the will inoperative. But if there are persons answering the description, and evidence is offered to shew that the testator intended to include other persons, not coming within the description contained in the will, such evidence cannot be received, for there is no ambiguity to be explained, and the evidence is, in fact, offered for the purpose of altering the terms of the will, although there is nothing doubtful, either as to its construction or application.” What is here said of an ambiguity, as to the legatee, is equally applicable to an ambiguity in the description of the legacy itself. The testator bequeaths “ Sary and all her increase.” By the rule of Seibles vs. Whatley, increase ’ means after-born children. It is necessary always to resort to parol evidence, in order to ascertain to whom, or to what, the description applies. It is not shewn or suggested that.Sary, from her age, or from any other cause, might not have had after-born children. On the contrary, it is in proof that she had issue, born after the date of the will, and after the death of the testator. There is, then, no such latent ambiguity as would warrant the admission of parol testimony, in order to give a different meaning to the terms, from that which the Court has heretofore given. If the intention of the testator was different, such intention must appear by necessary implication, on the will itself. In Shearman vs. Angel, already cited, it is said to be the rule, that if there be a devise. “ to children,” this imports legitimate children; and that “ if the words are to be explained or enlarged, so ■ as to include the illegitimate, it must be done by clear expression, or necessary implication, on the face of the will itself.” Giving to the defendant the full benefit of this principle, the Court have examined the several clauses of the testator’s will. Nothing-more is said in relation to this particular bequest; and although plausible arguments were certainly adduced, from the language of other bequests, as compared with the situation of the property, it seems quite too strong an inference to say, that the intention of the testator to include Annis in the bequest of Sary and all her increase, appears “by clear expression, or necessary implication, on the *132 face of the will itself.” But in the case of Donald vs. M’Cord & Dendy, Rice’s Eq. R, 330, the Court of Appeals in Equity, giving construction to the same clause of this will, held, that the terms ‘ all her increase,’ passed only the after-horn children, and that it was not distinguishable in principle, from Seibles vs. Whatley. That decision is not conclusive on these parties, nor in this Court. But if the correctness of that judgment were more doubtful, the Court would regard it as due to the satisfactory administration of justice, that the determination should not be disturbed. The motion is dismissed.
Wardlaw & Perrin, for the motion.
Burt, contra.
BENJ. F. DUNKIN.
We concur. David Johnson, J. S. Richardson, John Belton O’Neall, Josiah J. Evans,- R. Gantt.